IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


ELSIE SMITH, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
LARRY D. SMITH, DECEASED                                        PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:08cv839WJG-JMR

PHILLIPS 66 COMPANY, *ET AL.*                                  DEFENDANTS


<u>MEMORANDUM OPINION</u>


THIS CAUSE comes before the Court on motion of the Plaintiff to remand [5] the above

referenced action to the Circuit Court of Smith County, Mississippi.  The Court has duly

considered the record in this action in addition to the briefs of counsel and being fully advised in

the premises, concludes as follows.

This suit was filed on or about March 13, 2006, seeking damages for alleged injuries

caused by exposure to asbestos containing products.  (Ct. R., Doc. 1, p. 5.) Plaintiff's claims are

based on Mississippi common law causes of action including negligence; breach of implied

warranty of merchantability and fitness of purpose; willful and/or negligent infliction of

emotional distress; strict liability in tort; and product liability, which includes a claim for failure

to warn.  (*Id.*)  The case was originally filed in 2004, and was part of multi-plaintiff litigation

which was severed, transferred or dismissed without prejudice in Mississippi state court actions.

(*Id.*, p. 5, n. 9.)

According to Defendants, an order filed in state court in April 2008 dismissing

Mississippi Mud, Inc., [Mississippi Mud] created the right to remove this case, because the in-

state defendant was dismissed from the case and the other in-state defendant was a sham defendant.  (Ct. R., Doc. 11, pp. 4-7, Doc. 11-2, p. 2)

Defendants further allege the only "proper" defendants remaining in this case are Union Carbide, ConocoPhillips, and Montello, Inc. [Montello].  (*Id.*, p. 5.)  Defendants claim that Mississippi Mud, Inc. [Mississippi Mud] and Oilfield Service and Supply, Inc. [Oilfiled Service] are sham defendants added to defeat jurisdiction in this case.  (Ct. R., Doc. 1, p. 5, n.11; Doc. 11, p. 3; and Doc. 12, pp. 7, 9.)  Defendants argue that because Mississippi Mud was a sham defendant, Plaintiff deprived Defendants of their right to removal, and should provide for the waiver of the one-year limit of 28 U.S.C. § 1446(b) on removals.  (Ct. R., Docs. 11, p. 4; and 12, p. 7.)

According to the removal notice, Smith resolved her claims against Baker Hughes Oilfield Operations and Baker Hughes Incorporated on September 25, 2008, rendering the case removable.  (Ct. R., Doc. 1, p. 6.)  Defendants allege that no recovery against Mississippi Mud can be had because Mississippi Mud never supplied asbestos in any form for use as an additive for the drilling industry.  (Ct. R., Doc. 1, Exh. 6, pp. 1-2.)  As a result, Mississippi Mud was dismissed as a defendant in this case on March 13, 2008.  (Ct. R., Doc. 1, Exh. 10.)  Defendants further assert that Oilfield service filed a motion for summary judgment in this case in which it contends that it never delivered asbestos to drilling rigs.  (Ct. R., Doc. 1, p. 10.)  Oilfield Service was improperly joined in this case and its citizenship should be disregarded for jurisdictional purposes.  (*Id.*, p. 11.)

Defendants claim that the other paper allowing the removal of this case was the motion for summary judgment.  (*Id.*)  The 30-day limit was met, according to Defendants, because the

summary judgment motion was filed September 4, 2008, and the removal notice was filed on September 25, 2008.  (*Id.*)

Discussion

Under 28 U.S.C. § 1441(a) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Defendants assert that the Mississippi defendants in this case were fraudulently joined to defeat diversity jurisdiction and in an attempt to manipulate the forum in this case.  (Ct. R., Doc. 1, pp. 1, 6-11.)  To establish that non-diverse defendants were fraudulently joined to defeat diversity, the removing party must demonstrate either:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003).

A removing defendant bears a heavy burden of proving fraudulent joinder by clear and convincing evidence.  *Blackwell v. Metropolitan Life Ins. Co.*, 190 F. Supp. 2d 911, 914 (S.D. Miss. 2001).  To successfully prove a non-diverse defendant has been fraudulently joined, the removing party must demonstrate that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002).  In conducting this inquiry, the district court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff".  *Travis,* 326 F.3d at 649; *Culpepper v. Double R, Inc*., 269 F. Supp.2d 739, 741 (S.D. Miss. 2003).  In

addition, the court must resolve all ambiguities of state law in favor of the non-removing party.

*Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-3 (5th Cir. 2003).

> In addition, the timeliness of removal in a civil case is governed by section 1446(b), which provides as follows:
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

In cases of improper joinder, however, the 30-day time period begins to run from the time the improper joinder is discovered rather than from the date of service of an improperly joined defendant. *See Baden v. Nabisco*, 224 F.3d 382, 390 n. 13 (5th Cir. 2000) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)); *see also Henderson v. Ford Motor Co.*, 340 F. Supp.2d 722, 724 n. 2 (N.D. Miss. 2004). Here, the defendants claim that the removal of the case is proper, based on a motion for summary judgment filed in September 2008. (Ct. R., Doc. 1, p. 10.) Defendants acknowledge that this information was developed in discovery for this case. (*Id.*, p. 7.)

The record shows that this case is set for trial in the Circuit Court of Smith County, Mississippi, on October 27, 2008. (Ct. R., Doc. 7, Exh. A.) A hearing on all pending motions was scheduled for June 27, 2008. (*Id.*) The Court cannot find within the state court records

submitted by the defendant, a ruling by the state court dismissing Mississippi Mud from this case. (Ct. R., Doc. 11-2, Exh. A.)  Based on the information before the Court, it appears that as of the status conference on June 27, 2008, and the close of discovery on July 31, 2008, the parties were aware of the removability of this case.  The defendants have not presented any argument or evidence to show why this case was not removed on the basis of federal question jurisdiction within the thirty-day period of limitations as prescribed by 28 U.S.C. § 1446(b), when it is most likely that the defendants were aware of the alleged lack of basis for claims against the Mississippi defendants following the close of discovery in this case.

Although the defendants argue that this case became removable on the basis of fraudulent joinder on September 8, 2008, when the motion for summary judgment was filed, the factual basis for removal should have been clear at the close of discovery in July 2008.  Instead, the Defendants waited until the eve of trial of this matter before filing the Notice of Removal, creating a burden on Plaintiff and on the state court which had initially set this case for trial on October 27, 2008.

While the time limitation for removal is not jurisdictional, and, therefore, may be waived, failure to petition for removal within thirty days may render removal improvident within the meaning of 28 U.S.C. § 1447(c).  Although Defendants in this case claim that Plaintiff included certain in-state defendants in an effort to defeat federal jurisdiction, the fact remains that that this case remained viable against the in-state defendants up until the close of discovery in this case, and it was not until one of those defendants filed a motion for summary judgment that Defendants removed the case on the eve of trial in state court.  Under these circumstances,  the Court finds that there is no equitable reason to estop Plaintiffs from relying on section 1446(b) to assert the

untimeliness of removal in this case.  There is no evidence that Plaintiff joined the resident

defendants without intending to prosecute claims against these defendants or solely for the

purpose of defeating federal jurisdiction.  *See Davis v. Merck & Co.*, 357 F. Supp. 2d 974 (E.D.

Tex. 2005).  Plaintiffs engaged in discovery and attempted to prosecute their case against the

resident defendant up until the time of removal of this case.  Despite Defendants' arguments that

Baker Hughes Oilfield Operations, Inc., and Baker Hughes, Incorporated were nominal parties in

this case not required to join in the removal, it appears from correspondence in this case that

these "nominal" parties reached a settlement with Plaintiff in this case, which belies the

"nominal" designation assigned to these parties by Defendants.  (Ct. R., Doc. 11-2.)

Accordingly, in the absence of any inequitable conduct on the part of Plaintiff in this case, the

Court finds that the motion to remand should be granted.  Finally, the Court finds nothing within

the motion to merit an award of fees to either party as a result of the removal.  *Valdes v. Wal-*

*Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

Conclusion

For the aforementioned reasons, the Court finds that Plaintiff's motion to remand [5] this

case to the Circuit Court of Smith County, Mississippi, should be granted.  A separate Order in

conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue

this date.  Each party shall bear its respective costs in connection with this motion.

DATED, this the 24th day of October, 2008.

*Walter J. Gex III*
_____
UNITED STATES SENIOR DISTRICT JUDGE